UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ZACHARY MORVANT, et al.,　　　　　　No. 2:11-cv-01897-MCE-EFB

　　　　Plaintiffs,

　　v.　　　　　　　　　　　　　　MEMORANDUM AND ORDER

P.F. Chang's China Bistro, Inc., et al.

　　　　Defendants.

----oo0oo----

Before the Court are Defendants' Motion to Transfer the Action to the Northern District of California [ECF No. 7] and Plaintiffs' Motion for Leave to File Second Amended Complaint [ECF No. 12].[1]

///

///

///

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs. E.D. Cal. Local Rule 78-230(h).

1

**BACKGROUND**

In July 2011, Defendants timely removed this putative wage and hour class action from the Sacramento Superior Court. [ECF No. 1]. Removal was based on the diversity of the parties and an amount in controversy that exceeds $5 million. 28 U.S.C. §§ 1332, 1446, 1443.

Representative Plaintiffs, Zachary Morvant ("Morvant") and Jean Andrews ("Andrews"), are or were employed at P.F. Chang's restaurants in California; Morvant in Emeryville and Andrews in Pleasanton. They seek to represent a class of similarly situated persons who are or were non-exempt employees of Defendants' California restaurants from December 14, 2006, through the date of trial. In their First Amended Complaint ("FAC")[2], Plaintiffs allege the following California law claims against Defendants: (1) failure to provide meal and rest periods; (2) unlawful failure to pay wages; (3) failure to provide accurate itemized wage statements; and (4) unfair business practices. Among other things, Plaintiffs seek unpaid wages, interest, liquidated damages, injunctive and equitable relief, as well as attorneys' fees and costs.

On September 22, 2011, Defendants filed the instant motion to transfer venue [ECF No. 7]. On September 29, Plaintiffs filed a motion for leave to file a Second Amended Complaint ("SAC") [ECF No. 12].

///

---

[2] The original complaint was amended in the Sacramento Superior Court.

2

The only substantive difference between the FAC and the proposed SAC is that the SAC adds a claim for unpaid overtime wages for the hours worked during the first eight hours of the seventh day of any one work week.

In their motion to transfer venue, Defendants contend that this case should be transferred to Judge William H. Alsup of the United States District Court for the Northern District of California. Judge Alsup presided over a purported class action, Dubee v. P.F. Chang's China Bistro, Inc., C08-1247 WHA, from May 5, 2010 to May 4, 2011, which Defendants assert involved the same attorneys, virtually all the same parties, and was essentially identical in every respect to the present action [ECF Nos. 7-10]. Defendants assert that transfer is warranted because (1) this action and the Dubee action are essentially identical; (2) Judge Alsup has significant experience with the facts and claims at issue; (3) this action could have and should have been filed in the Northern District; and (4) the convenience of the parties and witnesses favors transfer.

Plaintiffs respond by arguing that: (1) their choice of forum is entitled to great deference; (2) Defendants have not demonstrated that the convenience of the parties and witnesses is served by transferring this case; (3) the Dubee action is irrelevant to the present action; and (4) the underlying reason for Defendants' motion is their preference for Judge Alsup.

///
///
///
///

**STANDARD**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The party moving for transfer of a case bears the burden of demonstrating transfer is appropriate. Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 279 (9th Cir. 1979). Once the Court determines a case could have been brought before the proposed transferee court, it must consider a number of private and public factors relating to the interests of the parties and the judiciary, including: (1) the plaintiff's choice of forum; (2) convenience of the parties and the witnesses and the ease of access to the evidence; (3) the familiarity of each forum with the applicable law; (4) the local interest in the controversy; and (5) administrative difficulties flowing from court congestion in the respective potential forums. See Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986).

**ANALYSIS**

Defendants' contention that this case should be transferred to Judge Alsup is well-taken. First, the interests of judicial efficiency, fairness to the parties, as well as Judge Alsup's familiarity with the case and applicable law, are all factors that weigh heavily in favor of transfer.

///

4

There is no question that this case and the Dubee action are in virtually every respect, identical. The same attorneys represent the same purported class, alleging virtually identical facts and claims against the same Defendants. The addition of one claim in Plaintiffs' proposed SAC, a claim that is related to the other wage claims alleged in the FAC and filed after Defendants filed their motion to change venue, is not a persuasive reason not to transfer this case.

There is also no dispute that the parties and Judge Alsup litigated the Dubee case for over a year through the discovery phase, so invested considerable time and effort in developing the record before Plaintiffs voluntarily dismissed the action in the Northern District and then pursued it again with new representative Plaintiffs in the Sacramento Superior Court. Plaintiffs present no compelling reasons for why the parties and this Court should relitigate matters that have already been litigated in the Northern District.[3]

Plaintiffs' contention that their choice of venue is entitled to great deference is undercut by the fact that (1) their representative Plaintiffs were both employed at P.F. Chang's restaurants located in the Northern District; and (2) Plaintiff Morvant was employed at the same restaurant as Dubee, so could have been substituted in as Plaintiff in the Dubee action.

---

[3] Plaintiffs contend that Defendants' motive for requesting the transfer is that Defendants received favorable rulings from Judge Alsup. This may be true, but it is not a factor that weighs against transfer, particularly given that Plaintiffs do not allege any prejudice on Judge Alsup's part.

In other words, Plaintiffs could have maintained the <u>Dubee</u> action in the Northern District, but chose instead to voluntarily dismiss it and refile it as the present action in the Sacramento Superior court. Plaintiffs' argument that venue in this Court is proper because this is a class action and Andrews resides in the Eastern District may be correct, but is unpersuasive in light of the multitude of factors weighing in favor of transfer.

Furthermore, Defendants have amply demonstrated that transfer to the Northern District is in the interest of the convenience of the parties and witnesses. Both Morvant and Andrews worked at P.F. Chang's restaurants in the Northern District and Judge Alsup has presided over the <u>Dubee</u> case for over a year in the Northern District. Plaintiffs argue that the Eastern District would be more convenient because Defendants have restaurants here and Andrews resides here, but these are not persuasive arguments.

## CONCLUSION

Defendants have met their burden of proof in showing that the interests of justice merit transfer. The balance of conveniences tips strongly in favor of litigating this matter in the Northern District. Accordingly, Defendants' Motion to Transfer the Action to the Northern District of California is GRANTED.

///
///
///

This case is transferred to Judge William H. Alsup of the United States District Court for the Northern District of California. Plaintiffs' Motion for Leave to File Second Amended Complaint is DENIED as moot.

   IT IS SO ORDERED.

Dated: October 27, 2011

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE